IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN BERBERIAN and<br>JBJB HOLDINGS LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>ROB WILBURN<br>JOHN GRISHAM<br>JAMES COURVILLE and<br>RICHARD SPEIGHTS,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  Civil No. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME, Plaintiffs John Berberian ("Dr. Berberian") and JBJB Holdings LLC ("JBJB Holdings") (collectively, "Plaintiffs"), by and through their undersigned counsel, and file this Original Complaint for Declaratory and Injunctive Relief against Defendants Richard Speights, Rob Wilburn, John Grisham, and James Courville and respectfully show the Court as follows:

### I.    PARTIES

1. Plaintiff John Berberian is a citizen and resident of the State of Georgia.

2. Plaintiff JBJB Holdings LLC is a Delaware limited liability company. Its sole owner is Plaintiff Berberian. Accordingly, JBJB Holdings LLC is a citizen of Georgia for jurisdictional purposes.

3. Defendant Rob Wilburn is a citizen and resident of the State of Texas. He may be served with process at 21915 US Highway 281 North, Apt. 12421, San Antonio, TX 78258, or wherever he may be found.

4. Defendant John Grisham is a citizen and resident of the State of Texas. He may be served with process at 109 Oakwood Lane, Hickory Creek, TX 75065, or wherever he may be found.

5. Defendant James Courville is a citizen and resident of the State of Texas. He may be served with process at 7129 Mimosa Lane, Dallas, TX 75230, or wherever he may be found.

6. Defendant Richard Speights is a citizen and resident of the State of Louisiana. He may be served with process at 836 Portrush Drive, Lake Charles, LA 70605, or wherever he may be found.

## II.   JURISDICTION AND VENUE

7. Jurisdiction is proper in this district, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial portion of the events giving rise to the controversy occurred in this district.

## III.   BACKGROUND

8. Trinity Clinical Laboratories, LLC ("TCL") was in the business of performing lab testing for physicians and other medical providers. Prior to 2018, Defendants Grisham, Wilburn, and Courville owned and operated TCL at 751 Hebron Park, Suite 110, Lewisville, Denton County, Texas 7507, along with two other owners.

9. On August 31, 2018, Defendants Courville, Grisham, and Wilburn entered into a Binding Letter of Intent with "JBJB Holdings, LLC/John Berberian" and "Priority Investments, LLC/Rick Speights" for Plaintiff Berberian and Defendant Speights to purchase a 75% interest in TCL. A true and correct copy of the Binding Letter of Intent is attached as Exhibit A.

10. Under the Binding Letter of Intent, Defendants Wilburn, Courville, and Grisham were to retain a 25% interest in TCL.

11. In addition, under the Binding Letter of Intent, Berberian and Speights's purchase of TCL was subject to two conditions precedent: 1) obtaining a high complexity license and 2) buying out two of the former owners of TCL for $220,000.00.

12. The second condition precedent occurred in 2018, soon after the Binding Letter of Intent was executed.

13. The first condition precedent did not occur until April 2019, when TCL finally received the high complexity license, which allowed it to perform more complex testing.

14. In total, Dr. Berberian invested approximately $1.7 million into TCL.

15. The five TCL owners – Berberian, Speights, Courville, Wilburn, and Grisham – circulated multiple draft operating agreements throughout the summer of 2019, including as late as August 29, 2019.

16. Prior to the Berberian and Speights investment, TCL was teetering on the brink of bankruptcy following changes to Medicare reimbursement schedules for the blood testing TCL historically performed. *See* Case No. 3:21-cr-00440-M (Doc. 84, Defendant's Motion to Suppress filed 01/30/23 at pp. 2-3 of 17).

17. After Berberian and Speights purchased a controlling interest in TCL, it began running different types of testing, beginning in October 2018.

18. TCL ultimately became profitable, and the five owners took multiple distributions throughout 2019.

19. Consistent with his ownership interest, Berberian typically received 52.5% of the amount distributed to the five TCL owners.

20. Plaintiff Berberian served as the decisionmaker for all significant company decisions on the part of TCL, including but not limited to: 1) selecting and paying for insurance; 2) selecting legal counsel; 3) hiring and firing employees, including setting their salary and scope of work; and 4) approving major company expenditures.

21. Defendants Wilburn and Grisham requested that Plaintiff Berberian approve TCL employing them and requested that Plaintiff Berberian approve salaries for them.

22. In late September 2019, the Federal Bureau of Investigation (FBI) executed a search warrant on TCL's premises and seized just short of $1.5 million USD from three separate Wells Fargo accounts owned by TCL (the "Seized Funds"). *See* Exhibit B, Forfeiture Complaint.

23. After the seizure and execution of the search warrant, TCL effectively ceased all operations, other than winding up existing business.

24. The Department of Justice filed a Complaint for Forfeiture (the "Civil Forfeiture Action") regarding the Seized Funds on February 21, 2020.

25. Plaintiff Berberian filed an Answer in response to the Complaint for Forfeiture on April 8, 2020. *See* Exhibit C, Answer.

26. In the Answer, Plaintiff Berberian asserted that he was "the majority member of [TCL]," and filed the Answer on behalf of himself and as majority member of TCL. *Id.*

27. In response to the search, seizure, and Civil Forfeiture Action, an insurance policy selected and paid for by Plaintiff Berberian and issued by Gallagher/Certain Underwriters at Lloyd's of London, policy number FI1397819, for policy period January 25, 2019 through January 25, 2020, for Trinity Clinical Laboratories, LLC, HSD Consultants, LLC and TCLMS, LLC, appointed Paul Werner of Buttaci Leardi & Werner to represent TCL.

28. Mr. Werner unnecessarily and improperly determined that Plaintiff Berberian was not an owner of TCL based on legally and factually flawed reasoning.

29. Despite Mr. Werner's incorrect belief that Plaintiff Berberian was not an owner of TCL, Plaintiff Berberian has consistently maintained that he is the 52.5% majority owner of TCL and has repeatedly made such position clear in the Civil Forfeiture Action and elsewhere.

30. Until recently, the Civil Forfeiture Action was stayed, pending resolution of a criminal action against Defendants Speights, Wilburn, and Grisham.

31. Upon information and belief, the criminal cases *United States v. Grisham and Wilborn* and *United States v. Speights* were dismissed with prejudice because of prosecutorial misconduct.

32. A related federal criminal case against Plaintiff Berberian remains pending in the District of New Jersey.

33. Following the dismissal of the criminal cases against Defendants Speights, Wilburn, and Grisham, the Government filed a Partially Opposed Motion to Dismiss the Civil Forfeiture Action pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) and sought to return the Seized Funds to a TCL Wells Fargo bank account. *See* Exhibit D.

34. Defendant Courville opposed the Government's motion to return the Seized Funds to the TCL Wells Fargo account on September 26, 2023. *See* Exhibit E.

35. In his opposition, Defendant Courville noted that Plaintiff Berberian was already in a dispute as to ownership of TCL with Defendants Courville, Wilburn, and Grisham. Defendant Courville further noted that Defendants Grisham and Wilburn recently tried to exclude Defendant Courville from his ownership interest in the parent company of TCL, JR2l, LLC. *See id.* p. 2.

36. Defendants Wilburn and Grisham, by contrast, filed a response in support of the government's motion in which they acknowledged a dispute as to ownership but claimed any such dispute could be heard in another forum, and that the money should be returned to the TCL account over which only Defendants Wilburn and Grisham are signatories. *See* Exhibit F.

37. In addition to their ownership interest in TCL, under the terms of the Binding Letter of Intent, Plaintiffs are owed approximately $2.1 million from TCL and the other TCL owners, as distributions were made prior to paying back costs of goods sold and Plaintiffs' investment.

38. Plaintiffs file this action seeking a declaration from this Court concerning their ownership status and other rights, duties, and responsibilities with respect to TCL and TCL's asserts, including the Seized Funds.

## IV. CAUSES OF ACTION

### A. Count I: Request for Declaratory Relief

39. Plaintiffs incorporate by reference Paragraphs 1 through 38 of this Complaint in full.

40. Plaintiffs maintain that they are the 52.5% owners of TCL, based on, among other things: 1) the Binding Letter of Intent; 2) an oral agreement with Defendants; and 3) the pattern and practice of management, decision-making, and finances of TCL.

41. Defendants Courville, Grisham, and Wilburn have previously taken the position that Plaintiffs are not owners of TCL, let alone the majority owners. However, Defendants Grisham and Wilburn recently admitted in a filing in the recently dismissed criminal case against them that Plaintiffs JBJB Holdings and Berberian were the majority owner(s) of TCL.

42. Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiffs seek a declaration that JBJB Holdings and Berberian are the 52.5% majority owners of TCL; that Defendants Courville,

Grisham, and Wilburn are collectively 25% owners of TCL; and that Defendant Speights is a 22.5% owner of TCL.

43. As set forth above, there is a live and actual controversy between the parties which the declaratory relief sought herein will resolve. That is, a declaratory judgment will serve a useful purpose in clarifying and settling legal relations at issue and provide relief from the uncertainty, insecurity, and controversy giving rise to this suit.

B. **Count II: Request for Temporary Injunctive Relief**

44. Plaintiffs incorporate Paragraphs 1 through 38 of this Complaint in full.

45. As evidenced by Exhibit F, Defendants Grisham and Wilburn seek to have the Seized Funds deposited in a bank account that they, and only they, control.

46. On information and belief, TCL does not have any liquid assets apart from the Seized Funds.

47. If a preliminary injunction is not entered, then there is a material risk that the only liquid assets of TCL – the Seized Funds – will be depleted before this Court rules on Plaintiffs' request for declaratory relief.

48. Plaintiffs are likely to prevail on their claim that JBJB Holdings/Berberian are the 52.5% owner of TCL, meaning that Plaintiffs, not Defendants Grisham and Wilburn, have the right to make strategic and legal decisions on behalf of TCL.

49. A preliminary injunction requiring the Seized Funds to be deposited into the registry of the Court, or enjoining Defendants Grisham and Wilburn from disbursing any of the Seized Funds out of the TCL Wells Fargo account, will simply preserve the status quo and will not cause any harm to the public or another Party, as it would merely prevent waste or diversion of corporate resources while this Court weighs competing claims to ownership of TCL.

50. A preliminary injunction would not leave any Party, or the public, worse off than it is at the filing of this Complaint.

51. Plaintiffs therefore request that the Court enter a preliminary injunction requiring that the Seized Funds be deposited into the Registry of the Court until the Court determines the ownership of TCL.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request:

1) That the Court declare that Plaintiffs JBJB Holdings LLC/Berberian are the 52.5% owner of TCL.

2) That the Court enter a preliminary injunction requiring the Seized Funds to be deposited into the Registry of the Court until the Court rules on Plaintiffs' Request for Declaratory Relief.

3) That the Court award Plaintiffs their costs and attorneys' fees.

4) That the Court award such further relief as it deems just and proper.

Dated: October 4, 2023                    Respectfully submitted,

**PLATT RICHMOND PLLC**

*/s/ Robert A. Hawkins*
Robert A. Hawkins
bhawkins@plattrichmond.com
Texas Bar No. 00796726
Nicole L. Walker
Texas Bar No. 24121884
nwalker@plattrichmond.com
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax
COUNSEL FOR PLAINTIFF