UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONH BERBERIAN, JBJB HOLDINGS LLC, and RICHARD J. SPEIGHTS, JR., | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | |
| ROB WILBURN, JOHN GRISHAM, and JAMES COURVILLE, | § § § § | |
| *Defendants*, | § § | |
| v. | § § | Civil Action No. 3:23-cv-2201-X |
| JAMES COURVILLE, | § § § | |
| *Third-Party Plaintiff*, | § § § | |
| v. | § § | |
| TRINITY CLINICAL LABORATORIES, LLC | § § § | |
| *Third-Party Defendant*, | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Pending before the Court is Plaintiff John Berberian and JBJB Holdings, LLC's motion for temporary restraining order and preliminary injunction. (Doc. 56). After reading the motion, response, and applicable law, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion.

## I. Background and Analysis

Less than a year ago, Plaintiffs John Berberian and JBJB Holdings LLC, filed a two-count suit in this Court seeking declaratory and injunctive relief to determine the ownership split of Trinity Clinical Laboratories, LLC.[1]   Five months ago, Plaintiffs filed their third amended complaint, adding Plaintiff Richard J. Speights Jr., and a collection of third-party Plaintiffs and Defendants.[2]   This case is set for trial on December 2, 2024.

Last week, two Plaintiffs moved for a temporary restraining order and preliminary injunction, seeking 75% of $1.5 million of Trinity Clinical Laboratories, LLC's funds.[3]   Plaintiffs seek this Court's equitable intervention before trial because they fear that Defendants will dissipate the funds at the center of this dispute before trial thereby restricting this Court's ability to enter future relief in favor of Plaintiffs if Plaintiffs prevail at trial.

After reading the briefing, the Court finds that Plaintiffs fail to meet their burden in establishing that they'll suffer an imminent and irreparable injury absent a temporary equitable order from this Court.  The Fifth Circuit has held that a district court may order temporary equitable relief to prevent the "dissipation of . . . assets that are the subject of a suit" where such dissipation of assets would later "impair the [district court's ability to grant an effective remedy" at the conclusion of the case.[4]  To

---

[1] Doc. 1.

[2] Doc. 48.

[3] Doc. 56 at 15.

[4] *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) (brackets in original).

this end, Plaintiffs cite two purportedly similar Northern District of Texas cases that granted temporary equitable relief to prevent the dissipation of assets: *Janvey v. Alguire*[5] and *In re Life Partners Holdings, Inc.*[6]  But both cases are distinguishable.

First, in *Janvey*, this Court entered temporary equitable relief because the receiver presented evidence of defendants' "history of fraudulent transfer."[7]  By contrast, here, Plaintiffs have not offered evidence that Defendants have engaged in a history of fraudulent asset transfer.  Second, the procedural posture of *In re Life Partners Holdings, Inc.* is quite different than this one.  There, this Court entered temporary equitable relief against defendants *after* a jury returned a guilty verdict but *before* this Court entered judgment.[8]  By contrast, here, no jury has entered a verdict because trial is set for December.

In short, the Court holds that Plaintiffs have failed to meet their burden that they'll suffer irreparable harm absent this Court's intervention.

## II.  Conclusion

Accordingly, the Court **DENIES WITHOUT PREJUDCE** Plaintiffs' motion for temporary restraining order and preliminary injunction.  (Doc. 56).

---

[5] No. 3:09-CV-0724, 2010 WL 11626677 (N.D. Tex. May 28, 2010) (Godbey, J.).

[6] No. 4:15-CV-40289, 2017 WL 11517832 (N.D. Tex. Dec. 12, 2017) (O'Connor, J.).

[7] *Janvey*, 2010 WL 11626677, at *2.

[8] *In re Life Partners Holdings, Inc.*, 2017 WL 11517832, at *1.

**IT IS SO ORDERED** this 15th day of July, 2024.


_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

4